UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CECIL D. GARRETT**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0061-CVE-PJC |
| | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss Disparate Impact Claim Pursuant to Rule 12(b)(1) and Brief in Support (Dkt. # 19). Defendant Federal Express Corporation ("FedEx") asserts that the Court lacks subject matter jurisdiction over plaintiff's disparate impact claim because plaintiff failed to exhaust his administrative remedies as to this claim.

**I.**

Plaintiff Cecil Garrett was hired by FedEx in September 1983, and he was discharged on October 30, 2006 for allegedly falsifying delivery records. On June 25, 2007, Garrett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In his charge, Garrett alleged:

I. I began my employment on or about September 19, 1983. My last position with the company was A.M. Courier. I violated company policy, and was thereafter discharged. The infraction I committed is common among employees in my position, however, I was the only person disciplined.

II. The reason given for my discharge was because I violated company policy.

III. I believe that I have been discriminated against because of my race, (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt # 21, Ex. 1. It is not clear what action, if any, the EEOC took after receiving Garrett's charge, but Garrett received a Notice of Right to Sue letter from the EEOC on November 25, 2007.

On February 5, 2008, Garrett filed this lawsuit against FedEx asserting two claims of racial discrimination. In his first claim, he alleged that FedEx violated Title VII of the Civil Rights Act of 1964 ("Title VII") by discriminating against him on the basis of race. Specifically, Garrett alleged that FedEx discriminated against him based on his race by terminating him for falsifying delivery records, because FedEx failed to discipline or terminate other employees for the same offense. In the second claim, Garrett sought relief under 42 U.S.C. § 1981 and incorporated the factual allegations from his Title VII claim. Dkt. # 2, at 4. Both of these claims are claims of disparate treatment based on race. On March 27, 2008, Garrett filed an amended complaint adding a disparate impact claim under Title VII. Dkt. # 13, at 4-6. In his disparate impact claim, Garrett alleges many acts of racial bias, including that: FedEx relied on racial stereotypes in making employment decisions; FedEx "groomed" non-minority employees for favorable assignments and positions; and FedEx applied different standards in determining punishment for minorities and non-minorities. Dkt. # 13, at 4-6. FedEx filed a motion to dismiss the disparate impact claim pursuant to Fed. R. Civ. P. 12(b)(1). FedEx argues that the Court does not have subject matter jurisdiction over the disparate impact claim because Garrett has not exhausted his administrative remedies as to this claim.[1]

---

[1] FedEx has not moved for dismissal of Garrett's claims of disparate treatment under Title VII or 42 U.S.C. § 1981.

**II.**

When considering a motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff. In <u>Holt v. United States</u>, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

<u>Id</u>. at 1002-03. Defendant relies on evidence outside of the pleadings, and the Court will construe defendant's motion as a factual attack on the jurisdictional facts alleged by plaintiff. When ruling on a factual attack to the complaint, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. <u>Stuart v. Colorado Interstate Gas Co.</u>, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting <u>Holt</u>, 46 F.3d at 1003). To defeat defendant's Rule 12(b)(1) motion, "plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." <u>Southway v. Central Bank of Nigeria</u>, 328 F.3d 1267, 1274 (10th Cir. 2003).

3

### III.

Defendant argues that plaintiff did not exhaust his administrative remedies as to his disparate impact claim because he failed to included this claim in his EEOC charge. Even broadly construing plaintiff's charge, defendant claims that the EEOC would not have known to investigate a disparate impact claim because plaintiff did not identify a facially neutral employment policy with an adverse impact on a protected class. Plaintiff responds that his disparate impact claim is "reasonably related" to the factual allegations of his EEOC charge and intake questionnaire, and thus he has exhausted his administrative remedies as to this claim.

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) (internal quotation marks and citation omitted). To exhaust administrative remedies, a plaintiff must file a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b). An EEOC charge gives notice of the alleged violation to the charged party and permits the EEOC to investigate claims of discrimination before a lawsuit is filed. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003). "[W]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge." Id. at 1210 (quoting Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994)). A claim is considered "reasonably related" when "the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." Deravin v. Kerik, 335 F.3d 195, 200-01 (2d Cir. 2003). The Tenth Circuit has held that "[a] plaintiff's claim in federal court is generally limited by the scope of the

administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. Denver, 414 F.3d 1266, 1274 (10th Cir. 2005).

Title VII distinguishes between claims of disparate treatment and claims of disparate impact. Disparate treatment occurs when "a defendant treats some people less favorably because of an impermissible criterion, such as their race." Tyler v. City of Manhattan, 118 F.3d 1400, 1405 (10th Cir. 1997). To establish a prima facie case of disparate treatment, a plaintiff must show "that he is a member of a racial minority, that he suffered an adverse employment action, and that similarly situated employees were treated differently." Trujillo v. Univ. of Colo. Health Sci. Ctr., 157 F. 3d 1211, 1215 (10th Cir. 1998). Disparate impact occurs when "a facially neutral practice adversely affects members of a protected group more than others regardless of whether such adverse impact was actually intended." Tyler, 118 F.3d at 1405. To establish a prima facie case of disparate impact, a plaintiff must show that the source of the disparate impact was a "specific identifiable employment practice or policy." Carpenter v. Boeing Co., 456 F.3d 1183, 1187 (10th Cir. 2006). A critical difference between these two types of discrimination is that disparate treatment allegations require proof of intentional discrimination, while allegations of disparate impact do not. Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1199 (10th Cir. 2006).

Garrett's charge of discrimination to the EEOC is a claim of disparate treatment. In his charge, Garrett appears to allege all of the essential elements for a disparate treatment claim. Garrett alleged that he is a member of a protected class and suffered an adverse employment action when he was fired by FedEx. Garrett acknowledged that he violated company policy, but alleged that other employees were not disciplined for the same infraction. Dkt. # 21, Ex. 1. While this may state

a claim of racial discrimination based on disparate treatment, it is not clear that Garrett's charge can be construed to state a disparate impact claim.

To determine whether plaintiff's disparate impact claim is reasonably related to his disparate treatment claim, the Court must consider whether his allegations of disparate treatment created a reasonable expectation that the EEOC would investigate a claim of disparate impact. Martinez, 347 F.3d at 1210; Ingels, 42 F.3d at 625. The focus of the Court's inquiry is on the language of the charge itself. Edwards v. Creoks Mental Health Serv., Inc., 505 F. Supp. 2d 1080, 1092 (N.D. Okla. 2007). Here, the language of Garrett's charge did not create a reasonable expectation that the EEOC would investigate a claim of disparate impact. To state a disparate impact claim, a plaintiff must identify a facially neutral policy that adversely effects a protected class more than others. Tyler, 118 F.3d at 1405. Garrett's charge mentioned neither a facially neutral policy nor any adverse effects on a protected class. While Garrett claimed in his charge that he was terminated for violating company policy, he did not identify a specific company policy. Although the same facts may be used to support a disparate treatment and disparate impact claim, Garrett's failure to identify a "specific identifiable employment policy" suggests that he did not intend to raise a disparate impact claim in his EEOC charge. Carpenter, 456 F.3d at 1187. Garrett also failed to mention how this unidentified company policy adversely effected a protected class. In his charge, Garrett stated that he was the only person disciplined for falsifying delivery records, and he did not claim that other members of a protected class were punished for this violation as well.

Garrett argues that the charge, when viewed in conjunction with his intake questionnaire, created a reasonable expectation that the EEOC would investigate his disparate impact claim. While the intake questionnaire does provide more information about the policy Garrett allegedly violated,

6

it failed to allege that the application of this policy adversely affected African-Americans. Garrett does not claim that other African-Americans were also terminated because they violated this policy. The only other employee Garrett mentioned who was terminated for falsifying delivery records was a Caucasian woman. Dkt. # 21, Ex. 2, at 4. This charge assuredly created a reasonable expectation that the EEOC would investigate a disparate treatment claim; however, even when construed liberally, it does not create a reasonable expectation that the EEOC would investigate a disparate impact claim.

Defendant cites Beth v. Espy, 854 F. Supp. 735 (D. Kan. 1994), to support its position that plaintiff has not exhausted his administrative remedies for a disparate impact claim. In Beth, the plaintiff, Marlene Beth, sued the Secretary of Agriculture, Mike Espy, alleging gender discrimination under Title VII. Id. at 736. Beth's original complaint included only a disparate treatment claim, and she sought leave to amend her complaint to add a disparate impact claim based on a requirement of supervisory experience for management candidates. Id. In her EEOC charge, Beth alleged that she was not hired for a management position even though she had more experience and education than the person selected for the job. Id. at 737. She also alleged that her employer had a history of passing over qualified females for management positions. Id. at 738. The court held that Beth had not exhausted her administrative remedies for a disparate impact claim. Id. The court reasoned that, although the charge mentioned an adverse effect on a protected class, Beth failed to mention the supervisory experience requirement which was the basis of her disparate impact claim in her charge. Id.

While Garrett relies heavily on Boe v. AlliedSignal, Inc., 2000 WL 343792 (D. Kan. March 29, 2000), that case is distinguishable from the present case. In Boe, the plaintiff was permitted to

amend his complaint to include a disparate impact claim because the factual allegations in his EEOC charge were the basis of his disparate impact claim. Id. at *4. The Boe court specifically stated that the outcome would have been different if the plaintiff's disparate impact claim were based on factual allegations that were not present in the EEOC charge. Id. ("This is quite unlike those cases where the claims are based on different factual allegations of discriminatory conduct and where courts have found the 'like or reasonably related' exception inapplicable".). A key factor in the court's decision to grant the plaintiff's motion to amend was that the plaintiff cited a specific policy in his EEOC charge. Id. at *7.

Unlike Boe, Garrett's disparate impact claim is based on different factual allegations than those found in the EEOC charge. Garrett's EEOC charge was limited to an allegation that he was terminated for violating company policy and he was treated differently than similarly situated employees who were not disciplined for committing the same offense. However, his amended complaint includes a disparate impact claim alleging that FedEx engaged in a broad range of discriminatory practices. For example, plaintiff's amended complaint alleges that FedEx relied on racial stereotypes in making employment decisions, that FedEx "groomed" non-minority employees for favorable assignments and positions, and that FedEx applied different standards in determining punishment for minorities and non-minorities. The EEOC could not reasonably have been expected to investigate all of these varied claims based on the narrow allegation in Garrett's EEOC charge. Therefore, the Court finds that Garrett did not exhaust his administrative remedies as to his disparate impact claim.

**IT IS THEREFORE ORDERED** that FedEx's Motion to Dismiss Disparate Impact Claim Pursuant to Rule 12(b)(1) and Brief in Support (Dkt. # 19) is hereby **granted**.  Plaintiff's disparate impact claim (Count Three of the Amended Complaint) is **dismissed without prejudice**.

**DATED** this 6th day of June, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT